Eric S. Rossman, ISB #4573
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com

Andrea J. Rosholt, ISB #8895
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
Telephone: (208) 901-5198
andrea@rosholtlaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MEG CHAMPINE, individually, and as natural legal guardian of the Minor Child Plaintiff, IJC,<br><br>Plaintiffs,<br><br>vs.<br><br>BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH; and CHRISTOPHER RYAN, an individual,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Civil Rights Violation (State Created Danger) (42 U.S.C. § 1983);<br>(2) Civil Rights Violation (Monell Claim) (42 U.S.C. § 1983);<br>(3) Civil Rights Violation (Supervisory Liability) (42 U.S.C. § 1983)<br>(4) Title IX, 20 U.S.C. § 1681, et. seq<br>(5) Direct Negligence;<br>(6) Derivative Negligence; and<br>(7) Negligent Concealment;<br>(8) Negligent Infliction of Emotional Distress;<br>(9) Intentional Infliction of Emotional Distress.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL - 1

Plaintiffs MEG CHAMPINE, individually, and as natural legal guardian of the Minor

Child Plaintiff, IJC, allege the following upon information and belief based upon personal

knowledge:

## INTRODUCTION & NATURE OF THE CASE

1.    Plaintiffs bring this action seeking damages and any other available legal or

equitable remedies resulting from the illegal actions and damages arising from the failure of

the Defendants BOISE SCHOOL DISTRICT and FAIRMONT JUNIOR HIGH (collectively

"Defendants"), by and through its agents including Christopher Ryan, Principal at Fairmont

Junior High ("Principal Ryan") regarding former social worker Scott Crandell's (deceased)

abuse of IJC.  Specifically, for claims related to negligent hiring and retention of Scott

Crandell, failure to investigate and report complaints regarding Scott Crandell's abuse and

potential abuse and grooming of minors, including IJC, to law enforcement authorities or the

Department of Health and Welfare and the failure to protect IJC and her private information

subjecting her to further humiliation and ridicule in violation of the Plaintiffs' Due Process

Rights under the Fifth and Fourteenth Amendments to the United States Constitution.

Defendants are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. §

1983.  Defendants also proximately caused Plaintiffs' injuries and are liable under state and

federal law under the principles set forth in *Monell v. Department of Social Services*, 426 U.S.

658 (1978).

2.    Defendants are also directly liable for negligence for failing to discharge

mandatory duties causing Plaintiffs' injuries and derivatively liable for negligence causing

Plaintiffs' injuries.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL - 2**

## JURISDICTION & VENUE

3.      This action is brought under 42 U.S.C. § 1983 and pendent state law claims under the Idaho Tort Claims Act (Idaho Code §§ 6-901 et seq.) against Defendants.

4.      Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (civil rights).  Plaintiffs' state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of Ada, Idaho, which is located in the District of Idaho.  Plaintiffs and Defendants are also, and at all relevant times were, citizens and residents of Ada County, located in the District of Idaho.  This Court also has specific personal jurisdiction over all Defendants.

## PARTIES

6.      Plaintiff MEG CHAMPINE is, and at all times mentioned was, an adult residing at 7799 W. Mooserun Ct., Boise, Idaho, and is the natural legal guardian of the Minor Child Plaintiff, IJC.

7.      Plaintiff IJC is, and at all times mentioned was, a minor born in 2008.

8.      Defendant BOISE SCHOOL DISTRICT is, and at all times mentioned was, a duly organized public entity, form unknown, existing as such under the law of the State of Idaho, and a recipient of Federal funding for public education.  The Boise School District was responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, and for the injuries occasioned thereby.  At all

relevant times Boise School District was the employer of Scott Crandell, who was a social worker at Fairmont Junior High and Capital High School.

9.      Defendant FAIRMONT JUNIOR HIGH SCHOOL is, and at all times mentioned was, a public junior high school, publicly funded, located in Boise, Idaho.  The school operated within, and was governed and controlled by, the Defendant Boise School District.

10.     Defendant Ryan (hereinafter, "Ryan") served as the Principal of the School. Upon information and belief, in his capacity as Principal, Ryan had the authority and duty to implement all school-wide all policies, procedures and rules adopted by the Boise School District.  This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, reporting and investigation.

11.     Plaintiffs are informed and believe and thereon allege that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe and thereon allege that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

12.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

13.     Defendants BOISE SCHOOL DISTRICT and FAIRMONT JUNIOR HIGH are liable for Plaintiffs' injuries under Idaho law and under the doctrine of *respondeat superior*. Liability under Idaho law for public entities and public employees.

14.     All Defendants were, at all times material to this Complaint, acting under color and authority of state law.

15.     On April 20, 2023, Plaintiffs filed comprehensive and timely claims for damages.

16.     On August 23, 2023, the claims were formally denied by virtue of the lack of response from the Respondents.

17.     Plaintiffs complied with the requirements of the Idaho Tort Claims Act (Idaho Code §§ 6-901 et seq.)

## FACTUAL ALLEGATIONS

18.     The Boise School District, and specifically Fairmont Junior High, hired Scott Crandell ("Crandell") an adult male, to work as a social worker and guidance counselor at Fairmont Junior High.   Crandell was employed by Fairmont Junior High and Capital High School until he committed suicide in December 2022.

19.     Meg Champine is the biological mother of IJC and has joint physical and legal custody of IJC.  During the material times at issue in this lawsuit, IJC primarily resided with her mother, Meg Champine.

20.     Towards the end of IJC's seventh grade year, IJC started exhibiting seizures and was later diagnosed with epilepsy.  As a result, IJC was having a particularly tough year at Fairmont Junior High.

21.     Crandell was employed as a social worker at Fairmont Junior High.  Crandell offered to assist with IJC and represented himself to Champine, as not only a social worker but a parent of a child with epilepsy.  As such, Crandell represented that he had unique knowledge and abilities about what was going on with IJC.  Crandell asked to work with IJC, especially as it related to her diagnosis and support for IJC during a particularly tough year.

22.     While working at Fairmont Junior High, Crandell befriended Champine and IJC and gained both Champine and IJC's trust and confidence as an authority figure and mentor.

23.     From the beginning, Crandell began Grooming Plaintiff IJC, who was 13 years old at the time.  This included Crandell exchanging text messages and phone calls with Plaintiff IJC.

24.     Thereafter, Crandell, while working as a social worker at Fairmont Junior High, engaged in predatory sexually abusive acts towards students, including IJC, which acts included grooming and solicitation with the intent to sexually abuse IJC and others.

25.     Through psychological manipulation and use of his position with the Boise School District and Fairmont Junior High, Crandell manipulated and groomed students, including IJC for his sexual gratification to the harm and detriment of IJC's health and well-being.

26.     Crandell's acts of grooming and sexually harassing and inappropriate behavior occurred on campus, while he was acting under color of state law for the District and Fairmont Junior High.

27.     According to Michael Champine (natural father of IJC) in his notice of tort claim, on March 10, 2022, Mr. Champine placed a telephone call to Fairmont Junior High's

Principal Ryan ("Principal Ryan") regarding his concern that Mr. Crandell was communicating with his 14-year-old daughter at odd hours.

28.     According to Mr. Champine, he personally appeared at Fairmont Junior High on November 11, 2022, and asked to meet with Principal Ryan and Mr. Crandell regarding the text message exchanges.  Despite this meeting, Mr. Champine alleges Principal Ryan did not take any action against Crandell or report his conduct.

29.     In addition, several teachers and staff members also reported inappropriate conduct by Crandell to Principal Ryan on separate occasions.  This included reports that Crandell was pulling female students out of class and meeting with female students in his office with the door and blinds closed.  Again, Principal Ryan did nothing to properly investigate Crandell or his conduct towards female students, including IJC.

30.     Principal Ryan was aware, or should have been aware, that in December of 2022 an individual had made a complaint to Boise City Police about Mr. Crandell's inappropriate behavior with IJC on school property.  The Boise Police Department began an investigation of the matter of which Principal Ryan was aware.

31.     Yet, Principal Ryan did not remove Mr. Crandell from Fairmont Junior High, he did not confront Crandell about his behavior, nor did he take appropriate steps to assure that Crandell had no contact with IJC.

32.     Ultimately, after being confronted by the Boise City Police with text messages proving his predatory behavior and sexual abuse of IJC, Crandell committed suicide at The Grove Hotel on December 17, 2022.

33.     During the investigation, IJC reported to the authorities and administrators at Fairmont Junior High, including Principal Ryan, that Crandell was suicidal and had threatened suicide. Despite these reports, no effort was made to report Crandell's threats of suicide, which caused further substantial emotional harm to IJC when he followed through and committed suicide.

34.     Indeed, upon learning of the full extent of Crandell's sexual misconduct, Plaintiffs discovered that there were several reports to Principal Ryan from educators regarding concerns that should have triggered a report and investigation into the misconduct.

**A.      The Boise School District and Principal Ryan Were Responsible for The Safety of IJC Including in Hiring and Employing Crandell.**

35.     The Boise School District and Fairmont Junior High had a duty to exercise care in the hiring, retention, training and/or supervision of staff, including Crandell. The School District and Fairmont Junior High failed Plaintiffs by failing to adequately supervise student-counselor contacts and to prohibit repeated private meetings and communications between Crandell and minors including IJC.

**B.      The Boise School District, Fairmont Junior High and Principal Ryan Were Mandated to Document and Report Claims of Sexual Abuse / Sexual Grooming of IJC.**

36.     The Boise School District, Fairmont Junior High and Principal Ryan had a duty and responsibility to train teachers and administrators, including Principal Ryan, to ensure the well-being and safety of its students, including IJC. IJC was entitled to the Boise School District, Fairmont Junior High and Principal Ryan protecting her from harm. The Boise School

District and Fairmont Junior High receive federal funding and are therefore required to comply with federal law.

37.    As documented herein, IJC's teachers as well as Principal Ryan were under a mandatory duty to report Crandell's inappropriate behavior and to take action to protect IJC from Crandell.  Specifically, that Principal Ryan was under a mandatory requirement pursuant to Idaho Code § 16-1605 to report Crandell's inappropriate behavior with IJC within 24 hours and take direct action to protect IJC from Crandell.  Crandell and Fairmont Junior High had a duty to keep records of any claims/allegations of sexual abuse such as IJC pursuant to numerous state and federal regulations.

38.    Despite receiving reports from teachers and concerned parents regarding Crandell's relationship with minor girls, including IJC, Principal Ryan did not report the misconduct and did not investigate or document potential misconduct concerning Crandell.

39.    Despite Principal Ryan's knowledge of Crandell's texting beginning in March of 2022 and Mr. Champine's report of continued concerns in November of 2022, Principal Ryan did not, at any time, undertake further investigation of the matter.  He did not report Crandell to the appropriate authorities, nor did Principal Ryan remove Crandell from Fairmont Junior High, nor did Principal Ryan take steps to assure that Crandell had no further contact with IJC or that Crandell was not meeting alone with young girls at the school.

40.    Principal Ryan was aware, or should have been aware, that in December of 2022 an individual had made a complaint to Boise City Police about Crandell's inappropriate behavior with IJC on school property, including his meeting with her in his office with the

blinds drawn. The Boise Police Department began an investigation of the matter of which Principal Ryan was aware.

41.     Yet, Principal Ryan did not remove Crandell from Fairmont Junior High, he did not confront Crandell about his behavior, nor did he take appropriate steps to assure that Crandell had no contact with IJC.

42.     After being confronted by the Boise City Police with text messages proving his predatory behavior and sexual abuse of IJC, Crandell committed suicide at The Grove Hotel on December 17, 2022.

43.     During the investigation, IJC reported to the authorities and administrators at Fairmont Junior High, including Principal Ryan, that Crandell was suicidal and had threatened suicide. Despite these reports, no effort was made to report Crandell's threats of suicide, which caused further substantial emotional harm to IJC when he followed through and committed suicide.

44.     On January 11, 2023, Principal Ryan was arrested and charged in Ada County (CR01-23-1001) for the failure, between March 2022 through December 12, 2022, to report abuse, abandonment, or neglect in violation of Idaho Code 16-1605(1). Specifically, Principal Ryan was charged with having sufficient knowledge beginning in March 2022 and continuing until December 12, 2022, that students, inclusive of IJC were being abused, or that he had sufficient knowledge that the circumstances complained hereof could result in abuse of the minors.

45.     Following the investigation, no effort was made to protect IJC and instead, the children at the school called IJC a "Crandell girl."  IJC left Fairmont Junior High on January 11, 2023, because conditions were not favorable for her to continue to be educated there.

46.     The failure to first protect IJC and then to expose her to further trauma via suicide and bullying from her peers caused substantial emotional harm to IJC as well as Plaintiff Champine.

47.     The school's policies, customs and omissions, including but not limited to their failure to properly train and supervise teachers and administrators to report potential abuse, and the actions of Principal Ryan in failing to report the abuse also caused substantial emotional harm to IJC as well as Plaintiff Champine.

## FIRST CAUSE OF ACTION

### (VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – STATE CREATED DANGER, 42 U.S.C. § 1983.)

#### Against All Defendants

48.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

49.     The Defendants, with deliberate indifference, exposed Plaintiff IJC to Crandell's long known and ongoing pattern of grooming, boundary violations, and overtly predatory behavior toward the female students.

50.     The Defendants' deliberately indifferent exposure of Plaintiff IJC to Crandell, as a social worker known to harbor sexual interest in his minor female students (including a

known sexual interest in IJC), affirmatively placed Plaintiff IJC into the state-created danger of sexual abuse by Crandell.

51.     As a result of the Defendants' deliberate indifference to their state-created danger of sexual abuse, Plaintiff IJC did in fact suffer numerous acts of sexual abuse by Crandell throughout 2019 and 2020.

52.     As a public-school student sexually abused by her social worker Crandell, the Defendants' actions deprived Plaintiff IJC of her constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors.

53.     As a direct result of Plaintiff IJCs exposure by the Defendants to their state-created danger of sexual abuse by Crandell, Plaintiffs incurred economic and non-economic damages, and are entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury.

54.     The actions of the Defendants, as alleged above, were deliberately indifferent to, and in callous disregard of, Plaintiff IJC's physical safety and civil rights. Plaintiffs are accordingly entitled to seek to amend their Complaint to add a claim for punitive damages against the District Defendants in an amount to be determined by a jury.

55.     Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SECOND CAUSE OF ACTION

### (VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – SUPERVISORY LIABILITY, 42 U.S.C. § 1983.)

### Against Defendant Ryan

56.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

57.     By at least March 2022, Fairmont Junior High Principal Ryan, in his individual and supervisory capacity, had acquired notice of the following regarding Crandell:

    a.     Verbal and written reports from teachers and concerned parents regarding Crandell's relationship with minor girls, including IJC.

    b.     Knowledge that Crandell was texting minor girls including IJC, including concerns raised in March of 2022 and again in November 2022.

    c.     Knowledge that in December of 2022 an individual had made a complaint to Boise City Police about Crandell's inappropriate behavior with IJC on school property, including his meeting with her in his office with the blinds drawn.

58.     Based on this knowledge, Principal Ryan knew Crandell was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to female students, including Plaintiff IJC specifically.

59.     Despite receiving reports from teachers and concerned parents regarding Crandell's relationship with minor girls, including IJC, Principal Ryan did not report the misconduct and did not investigate or document potential misconduct concerning Crandell.

60.     Despite Principal Ryan's knowledge, Principal Ryan did not remove Crandell from Fairmont Junior High, nor did Principal Ryan take steps to assure that Crandell had no further contact with IJC or that Crandell was not meeting alone with young girls at the school.

61.     Principal Ryan did not put Crandall on leave until December 14, 2022. IJC was seen in Crandell's office by Principal Ryan on December 13, 2022.  Principal Ryan knew by this time (specifically December 12, 2022) that Crandell was under investigation with Boise Police Department.

62.     As a direct, inexorable result of the actions and inactions of Principal Ryan discussed above, Plaintiffs were exposed to a known, grave risk of harm and endured and suffered severe physical and emotional distress.  The actions and inactions of Principal Ryan were deliberately indifferent to the civil rights of Plaintiffs, and callously disregarded their physical safety.

### THIRD CAUSE OF ACTION

### (VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – MONELL CLAIM, 42 U.S.C. § 1983.)

#### Against All Defendants

63.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

64.     The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

65.     As a public-school student sexually abused by her guidance counselor, Defendants deprived Plaintiff IJC of her constitutionally protected Fourteenth Amendment

interest in bodily integrity and security from violations by state actors, including public school guidance counselors.

66.     The moving forces that resulted in the deprivation of the Eighth and/or Fourteenth Amendment rights of Plaintiff IJC were the following policies, customs, or practices of Defendants:

      a.     a policy, custom or practice of not providing training to all School and District staff members on how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior;

      b.     a policy, custom or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior;

      c.     a policy, custom or practice of not implementing policies and procedures as to how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior; and

      d.     a policy, custom or practice of not reporting or otherwise ignoring information indicating sexual conduct by staff toward students.

67.     The policies of Defendants posed a substantial risk of causing significant harm to students, including Plaintiffs, and Defendants were aware of the risk.

68.     As a direct result of the policies, customs or practices of Defendants, Plaintiff IJC was sexually abused by Crandell.  As a direct result of the policies, customs or practices of Defendants, Plaintiffs endured and suffered severe physical, mental and emotional distress.

69.     Plaintiffs are entitled to compensatory damages in an amount to be determined by a jury.

70.     The actions of Defendants were deliberately indifferent to the civil rights of Plaintiffs, and callously disregarded Plaintiffs' physical safety, and Plaintiffs intend to seek to amend their complaint to add a claim for punitive damages.

71.     Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

72.     Defendants' conduct as alleged herein involved reckless or callous indifference to the federally protected rights of the Plaintiffs and Plaintiffs are therefore entitled to an award of punitive damages against the Defendants.

<u>**FOURTH CAUSE OF ACTION**</u>

**TITLE IX, 20 U.S.C. § 1681, et. seq**

**Against All Defendants**

73.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

74.     The Defendant Boise School District and Fairmont Junior High, as a public school district providing a public education to students within its boundaries, are recipients of Federal educational funding.

75.     Title IX of the Education Amendments of 1972 requires that, "No person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

76.     This prohibition encompasses sexual harassment and sexual abuse of students by public school employees.

77.     Title IX required that the Defendants provide educational opportunity on an equal basis to Plaintiff, regardless of her gender.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL - 16**

78.     The Defendants, in the ways alleged further below, violated Title IX in that they failed to ensure that the education provided to Plaintiff IJC, a minor female student, would be on an equal basis compared to the education provided by Fairmont Junior High to minor male students not subject to a known, ongoing danger of sexual abuse.

## COUNT ONE Deliberate Indifference to Sexual Discrimination, Harassment, and Abuse Against the Defendant District and Board

79.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

80.     By at least March of 2022, Defendants and specifically Fairmont Junior High's Principal Ryan was on notice of Crandell's ongoing grooming, sexual harassment, and likely sexual abuse of Plaintiff IJC.

81.     Defendants subjected Plaintiff IJC to discrimination in her education at Fairmont Junior High based on her gender in that she suffered sexual grooming, sexual harassment, and sexual abuse as a condition of her receipt of an education at Fairmont Junior High.

82.     The Defendants, in light of the known circumstances, unreasonably failed to take corrective action to stop Crandell's ongoing grooming, sexual harassment, and sexual abuse of Plaintiff IJC, thereby acting with deliberate indifference to the rights and safety of Plaintiff.

83.    As a result of Defendants' deliberate indifference, Plaintiff IJC did in fact suffer numerous acts of sexual abuse by Crandell.

84.    As a direct result of the deliberate indifference, actions, and omissions described above caused Plaintiff IJC to suffer the above-alleged criminal and unconstitutional acts of sexual abuse by Crandell.

85.    As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiffs incurred economic and non-economic damages, and are entitled to an award of compensatory damages against the Defendant District and Board in an amount to be determined by a jury.

**COUNT TWO Failure to Take Remedial or Corrective Action Against Crandell**

86.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

87.    The Defendants' obligations under Title IX extend to taking steps to prevent the recurrence, and remedy the effects on a student, of known acts of sexual harassment and abuse of students by teachers and guidance counselors and other staff.

88.    By at least March of 2022, Principal Ryan and therefore Fairmont Junior High and the District were on notice of Crandell's ongoing grooming, sexual harassment, and sexual abuse of Plaintiff IJC, as well as his arrest by local police arising from these acts.

89.    Despite receiving reports from teachers and concerned parents regarding Crandell's relationship with minor girls, including IJC, Principal Ryan did not report Crandell

to the authorities, nor did he investigate or document potential misconduct concerning Crandell.

90.     Despite Principal Ryan's knowledge of Crandell's texting beginning in March of 2022 and Mr. Champine's report of continued concerns in November of 2022, Principal Ryan did not, at any time, undertake further investigation of the matter.  He did not report Crandell to the appropriate authorities, nor did Principal Ryan remove Crandell from Fairmont Junior High, nor did Principal Ryan take steps to assure that Crandell had no further contact with IJC or that Crandell was not meeting alone with young girls at the school.

91.     Principal Ryan was aware, or should have been aware, that in December of 2022 an individual had made a complaint to Boise City Police about Mr. Crandell's inappropriate behavior with IJC on school property, including his meeting with her in his office with the blinds drawn.  The Boise Police Department began an investigation of the matter of which Principal Ryan was aware.

92.     Despite having notice of Crandell's potential sexual abuse and grooming and the investigation and the scope of his physical sexual abuse of Plaintiff, Principal Ryan and Fairmont Junior High took no action to correct, address, remedy, or mitigate the effects on Plaintiff IJC of Crandell's abuse, or to prevent the future occurrence of sexual abuse of students by staff.

93.     The Defendants failed to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and/ or academic assistance or services to Plaintiff IJC to address or mitigate the harms she suffered because of Crandell's sexual abuse.

94.     The Defendants failed to address any needed policy changes to prevent further sexual abuse of students, or to terminate or discipline any District board, administrative, or teaching personnel as a result of Crandell's sexual abuse of Plaintiff IJC.

95.     The Defendants' failure to take or attempt any remedial or corrective action in aid of Plaintiff, a victim of known acts of sexual harassment and sexual abuse by a District employee, was deliberately indifferent to the rights and safety of Plaintiff.

96.     Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681.

97.     In this case, Principal Ryan was a school official with authority to address the harassment and Principal Ryan had actual knowledge of the harassment or that there was a substantial risk that harassment would occur.

98.     Principal Ryan, Fairmont Junior High and the Boise School District were deliberately indifferent to such harassment.  Specifically, Principal Ryan acted with "deliberate indifference" when he acted unreasonably when confronted with concerns by teachers and school employees and parents as to the potential sexual misconduct by Crandell.

99.     The facts demonstrate that Principal Ryan and Fairmont Junior High had actual knowledge of a substantial risk that sexual abuse or harassment will occur and did not respond reasonably to that risk.

100.    Separately, the facts demonstrate that Principal Ryan and Fairmont Junior High had actual knowledge of a substantial risk that sexual abuse or harassment of students was

occurring and even after being so advised did not act reasonably, and additional damage occurred.

101.    As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiffs incurred economic and non-economic damages, and are entitled to an award of compensatory damages against Defendants.

## FIFTH CAUSE OF ACTION

### (DIRECT NEGLIGENCE)

**Defendants Boise School District and Fairmont Junior High**

102.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

103.    Defendants were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including Plaintiffs, about the physical and sexual abuse suffered by IJC and perpetrated by Crandell (who they knew was a clear and present danger to IJC). Defendants did not document the information. They did not report the information and they did not inform others about the known dangers Crandell presented to IJC.

104.    The constitutional provisions, statutes, and/or regulations were designed to protect children such as IJC.

105.    The negligence of Defendants, and each of them, was the proximate, legal causes of the damages sustained by IJC. IJC has incurred damages to be shown by proof at trial.

106.    Defendants established a special relationship with Plaintiff IJC once Plaintiff became a student of the District and Fairmont Junior High and held out to Plaintiff that their facilities were safe and trustworthy.  The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision and retention of its staff, including Crandell. Alternatively, or in conjunction with the above, Plaintiff IJC had a special relationship with Defendants as a child entrusted to the care and control of Defendants in loco parentis.

107.    This special relationship created a duty of care on the part of Defendants to ensure Plaintiff IJC's safety while a student.

108.    On information and belief, Defendants acted negligently and created a foreseeable risk of Crandell abusing students, including Plaintiff IJC, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

a.    In failing to adequately supervise Crandell in his interactions and relationships with minors, including Plaintiff;

b.    In failing to adequately train employees and/or volunteers, including Crandell, in how to recognize, report, and prevent child sexual abuse;

c.    In failing to reasonably and adequately investigate and respond to information indicating that Crandell was engaging in inappropriate and sexual contact with students, including Plaintiff;

d.    In retaining Crandell after learning information indicating that he was engaging in inappropriate and sexual contact with students, including Plaintiff; and

e.    In failing to properly implement other reasonable child abuse prevention.

109.    Any or all of Defendants' failures described above were substantial contributing and causal factors of all or some of Plaintiffs' abuse and damages. Plaintiffs endured and suffered severe physical, mental and emotional distress. Plaintiffs are entitled to compensatory damages in an amount to be determined by a jury.

110.    Defendants' failures described above created a foreseeable risk that students in Defendants' care, including Plaintiff IJC, would be sexually abused. Plaintiff IJC's interest in being protected and free from child sexual abuse was an interest of a kind that the law protects against negligent invasion.

111.    Defendants' failures were direct and foreseeable causes of all or some of Plaintiff's sexual abuse and damages, as alleged above. As a result, and consequence of Defendants' negligence, Plaintiffs have incurred economic and non-economic damages, and are entitled to compensatory damages in an amount to be determined by a jury.

112.    Some of Crandell's intentional sexual abuse of Plaintiff IJC occurred on the grounds of Fairmont Junior High, and therefore occurred while Crandell was directly acting within the course and scope of his employment with Defendants. In the alternative, by sexually abusing Plaintiff IJC, Crandell acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff.

113.    Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SIXTH CAUSE OF ACTION

## (DERIVATIVE NEGLIGENCE)

114.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

115.   Defendants were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including Plaintiffs, about the physical and sexual abuse suffered by IJC and perpetrated by Crandell (who they knew was a clear and present danger to IJC).  Defendants did not document the information.  They did not report the information and they did not inform others about the known dangers Crandell presented to IJC.

116.   Idaho public entities, including local governments, are derivatively liable for the negligent acts or omissions of public employees within the scope of their employment.  In the instant matter, Defendant Boise School District, Fairmont Junior High and Principal Ryan are liable for IJC's injuries under Idaho law and under the doctrine of *respondeat superior* for the acts and omissions of Decedent Crandell and Principal Ryan.

117.   The acts and omissions by Crandell and Principal Ryan were not discretionary functions and were not policy making decisions.

118.   Defendant Principal Ryan's decision not to report that Crandell was causing IJC to be sexually abused and to continue to place Crandell near IJC and other vulnerable female students continued to place IJC in danger.  These requirements were placed to protect individuals like IJC.

119.    Defendant Principal Ryan and Fairmont Junior High's failure to diligently discharge those obligations, which was the direct proximate cause of severe injuries to IJC.

120.    The negligence of Defendants, and each of them, was the proximate, legal causes of the damages sustained by Plaintiffs.  Plaintiffs have incurred damages to be shown by proof at trial.

## SEVENTH CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION)

#### All Defendants

121.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

122.    Defendants were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including Plaintiffs, about the physical and sexual abuse suffered by IJC and perpetrated by Crandell (who they knew was a clear and present danger to IJC).  Defendants did not document the information.  They did not report the information and they did not inform others about the known dangers Crandell presented to IJC and IJC's condition.

123.    Defendants' negligent and/or intentional misrepresentation or fraudulent concealment regarding the health and well-being of IJC and Crandell was the direct proximate cause of severe injuries to Plaintiffs.

124.   The negligence of Defendants, and each of them, was the proximate, legal causes of the damages sustained by Plaintiffs.  Plaintiffs have incurred damages to be shown by proof at trial.

## EIGHTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### All Defendants as to both Plaintiffs

125.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

126.   Defendants Boise School District and Fairmont Junior High School's actions, as alleged hereinabove, were negligent and fell below the applicable standards of conduct owed to Plaintiffs by Defendants at the times and places alleged hereinabove.

127.   As a direct and proximate result of Defendants Boise School District and Fairmont Junior High School's actions reckless and/or negligent conduct, as alleged hereinabove, Plaintiffs have suffered severe mental suffering manifested by physical symptoms including, but not limited to anger, depression, loss of appetite, anxiety and stress.

128.   As a result, Plaintiffs have been forced to incur necessary expenses for medical care and expenses, emotional distress, loss of enjoyment of life, future medical costs and expenses, lost income, physical and mental stress, and will continue to incur such expenses for such care, together with present and future pain and suffering, physical stress, suffering and impairment.  The specified amount of these damages to be proven at trial in excess of $10,000.00.

129.   Plaintiffs have been compelled to employ the services of the Rossman Law Group and Rosholt Law to institute and prosecute this claim. Plaintiffs are, therefore, entitled to reasonable attorney fees for the services of said attorneys.

130.   Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

<u>**NINTH CAUSE OF ACTION**</u>

**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

**All Defendants as to both Plaintiffs**

131.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

132.   The severe personal injuries to Plaintiffs by Defendants at the times and places in question were intentional, unlawful, harmful and offensive.

133.   As a direct and proximate cause of the severe personal injuries to Plaintiffs by Defendants, Champine and IJC have suffered severe emotional distress.

134.   As such, Plaintiffs are entitled to recover monetary damages from Defendants representing fair and reasonable compensation for the emotional distress suffered by Plaintiffs as a result of the wrongful conduct alleged hereinabove in an amount in excess of $10,000.00 to be proven at trial.

135.    Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

136.    Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.    For compensatory damages according to proof at trial;

2.    Damages for past and future loss of earnings and benefits and other damages in a sum to be determined at the time of trial;

3.    An award of reasonable attorneys' fees and costs of suit as permitted by law;

4.    Punitive and exemplary damages in an amount appropriate to punish or set an example of the Defendants;

5.    For pre-judgment interest and other interest as provided by law;

6.    For costs of suit incurred herein;

7.    Injunctive relief; and

8.    For such other and proper relief as the Court deems just and proper.

## DEAMND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all such triable claims.

Dated:  October 6, 2023

Respectfully submitted,

By: ___/s/ Eric S. Rossman_____
   Eric S. Rossman, ISB #4573
   ROSSMAN LAW GROUP, PLLC
   350 N 9th St, Ste 500
   Boise, Idaho 83702
   Telephone: (208) 331-2030
   Facsimile: (208) 947-2424
   erossman@rossmanlaw.com