Eric S. Rossman, ISB #4573
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com

Andrea J. Rosholt, ISB #8895
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
Telephone: (208) 901-5198
andrea@rosholtlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MEG CHAMPINE, individually, and as natural legal guardian of her minor daughter, IJC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH and CHRISTOPHER RYAN, an individual,<br><br>　　　　　Defendants. | **CASE NO. 1:23-cv-00436-DCN**<br><br>PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE |

PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE - 1

COMES NOW counsel for Plaintiff Meg Champine, individually and on behalf of minor I.C. and provides the following response to Defendants' Motion to Consolidate, dated June 25, 2024 (Dkt. 23).

## I.  RESPONSE

As set forth in Defendants' briefing on the motion (Dkt. 23-1), there are currently three (3) cases involving the Boise School District ("District") and Christopher Ryan ("Ryan") related to Scott Crandall (deceased) pending in the United States District Court for the District of Idaho.  As it relates to minor I.C., each of her parents have brought separate lawsuits.  A lawsuit filed by Michael Champine on behalf of himself and I.C. (Docket No. 1:23-CV-00338-DCN) and the above-referenced action brought by Meg Champine on behalf of herself and I.C. (Docket No. 1:23-CV-436-BLW).  Separately, there is an action brought by Amy and Aaron Hummell and their minor daughter C.H. (Docket No. 1:23-cv-00437-DCN ) (the "Hummell Action").

By way of motions filed in the above-referenced cases, Defendants seek to first consolidate the cases brought by Michael and Meg Champine (collectively "the Proposed Champine Action") and then to consolidate the Proposed Champine Action with the Hummell Action for discovery purposes only.  Plaintiffs respond as follows:

**A.   The Proposed Champine Action**

As it relates to the Motion to consolidate the cases involving the Champines and I.C., counsel agrees that consolidation of the actions makes sense in principle for the reasons articulated in the briefing by the Defendants.  However, as set forth herein, counsel has not been provided sufficient information regarding the status of the litigation and discovery in the case brought by Mr. Champine in order to evaluate what prejudice, if any, exists that would warrant objection to

consolidation. In the above-referenced action, the parties have just exchanged Initial Disclosures and started discovery. It is not clear from Defendants' motion if Defendants or their agents have been deposed in the action brought by Mr. Champine or where the parties are with regard to discovery. Certainly, Ms. Champine is entitled to have her legal counsel present and to depose the Defendants on topics relevant to the specifics of their case and the facts involving herself and I.C. To the extent that discovery by oral examination of Defendants has not yet taken place, this might be a moot issue that can be resolved by the parties as the case progresses. However, to the extent discovery by oral examination has taken place in the other action, a consolidation order should be fashioned as not to prejudice Ms. Champine and to allow her and her counsel relief to depose these critical witnesses. Second, as the Defendants identified, the deadline to complete discovery in Ms. Champine's case is December 2024 while the deadline in the action brought by Mr. Champine is November 2024. Given that discovery has just started in this case, Ms. Champine requests that if an Order consolidating discovery is entered that the Court adopt the deadlines in this action to avoid prejudice.

**B.**     **Consolidation of the Proposed Champine Action with the Hummel Action**

Defendants' motion also seeks to consolidate the Proposed Champine Action with the Hummell Action for purposes of discovery. Plaintiffs are not opposed, in principle to consolidation of Ms. Champine's case with the Hummell Action for discovery only. However, while it is true that discovery between the Hummell Action and the Champine Actions may overlap, discovery will also involve sensitive information about the Champines that should not be shared among the various Plaintiff parties. To prevent highly personal, intimate and protected information from being shared with the other Plaintiffs in the Hummell Action, Meg Champine

requests that any order granting consolidation involve the modification of existing protection orders to provide for an Attorneys Eyes Only designation.

Dated: July 16, 2024

Respectfully submitted,

By:   */s/ Andrea J Rosholt*
     Andrea J. Rosholt, ISB No. 8895
     ROSHOLT LAW, PLLC
     210 Murray St., Ste. B
     Garden City, ID 83714
     Telephone: 208.901.5198
     andrea@rosholtlaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused to be serve a true copy of the foregoing PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Anne S. Magnelli<br>Anderson, Julian & Hull, LLP<br>250 South Fifth Street, Suite 700<br>Boise, Idaho 83702 | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☒ E-mail/ECF:  amagnelli@ajhlaw.com<br>☐ Facsimile |

Dated:  July 16, 2024

  */s/ Andrea J Rosholt*
Andrea J. Rosholt, ISB No. 8895

PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE - 5