Anne Sullivan Magnelli – ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:       amagnelli@ajhlaw.com

Attorneys for Defendants Boise School District,
Fairmont Junior High, and Christopher Ryan

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MEG CHAMPINE, individually, and as natural legal guardian for the Minor Child Plaintiff, IJC,<br><br>Plaintiff,<br><br>vs.<br><br>BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH, and CHRISTOPHER RYAN and DOES I-X, individuals and/or entities of unknown origin,<br><br>Defendants. | Case No. 1:23-CV-436-DCN<br><br>**DEFENDANTS' RESPONSE TO INTERVENER MICHAEL J. CHAMPINE'S MOTION TO INTERVENE** |

COME NOW the above-entitled Defendants, BOISE SCHOOL DISTRICT, FAIRMONT JUNIOR HIGH, and CHRIS RYAN (collectively, "Defendants" or the "District"), by and through their counsel of record, Anderson, Julian and Hull, LLP, and hereby responds to Intervener Michael J. Champine's *Motion to Intervene*, and states:

The District does not necessarily oppose the relief sought by Michael J. Champine (the "Intervener" or "Champine") in his *Motion to Intervene*. The relief sought by Intervener is described by him in his *Memorandum in Support* as "seeks to intervene in this matter and requests dismissal on the grounds that Meg Champine, his ex-wife, lacks the legal authority to

pursue a lawsuit on behalf of I.J.C. and her lawsuit is not in the best interests of I.J.C." (Int'r's Mem., p. 1; Dkt. 31-1.) Intervener asks the Court to "grant Michael Champine's intervention as a matter of right or alternatively permissive intervention and dismiss Meg Champine's Complaint." (Int'r's Mem., p. 14; Dkt. 31-1.)

Nevertheless, the District does not agree to all of the arguments or representations made by Intervener in his *Memorandum*. For instance, Intervener asserts that "[a]s a result of BSD and Ryan's failure to take the appropriate and mandatory action to see that Crandell was investigated, I.J.C. was sexually abused by Crandell." (Int'r's Mem., p. 3; Dkt. 31-1.) The District and Mr. Ryan have denied negligence in this action, and do not admit to Champine's assertions concerning the District and Mr. Ryan's supposed actions as alleged here.

Still, as it relates to Champine's *Motion to Intervene*, for the most part, the allegations of the pleadings are likely immaterial. So, too, is the factual certitude of the allegations underlying the motion. "In ruling on a motion to intervene, a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." *Earth Island Inst. v. Wheeler*, 464 F. Supp. 3d 1138, 1141 (N.D. Cal. 2020). *Accord Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) (adopting standard holding that a district court is required to accept as true the non-conclusory allegations made in support of an intervention motion) (citing 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, § 1914 ("The pleading is construed liberally in favor of the pleader and the court will accept as true the well-pleaded allegations in the pleading.")). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objection." *Berg*, *supra* at 820.

**DEFENDANT'S RESPONSE TO INTERVENER MICHAEL J. CHAMPINE'S MOTION TO INTERVENE - 2**

"An application for permissive intervention is addressed to the discretion of the court, whereas an application for intervention of right seems to pose only a question of law." § 1902 Distinction Between Intervention of Right and Permissive Intervention, 7C Fed. Prac. & Proc. Civ. § 1902 (3d ed.). The District submits that the putative Intervener appears to have satisfied the test for intervention as a matter of right, which requires the movant to meet a four-part test:

> We apply a four-part test under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Berg*, *supra*, 268 F.3d at 817.

As the Court may recall, and the Intervener alluded to in his *Memorandum*, Defendants have actually moved to consolidate the instant action filed by Meg Champine on behalf of I.J.C. with the separate action filed by Michael J. Champine on behalf of their shared minor child I.J.C. (Dkt. 23—Dkt. 23-8.) It does appear to the District that it would make sense to have all of the varying claims of I.J.C., asserted on her behalf by both parents, tried together, however the Court sees best to accomplish that.

All of that being said, the District defers to the Court's decision on the Intervener Michael J. Champine's request to either intervene in Plaintiff Meg Champine's case, or to dismiss Plaintiff Meg Champine's action. It is entirely within this Court's discretion whether to allow permissive intervention. And, as it relates to intervention as a matter of right, again, the District does not take a position, but notes merely that in general, courts "construe Rule 24(a) liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

**DEFENDANT'S RESPONSE TO INTERVENER MICHAEL J. CHAMPINE'S MOTION TO INTERVENE - 3**

DATED this 20th day of September, 2024.

                    ANDERSON, JULIAN & HULL LLP

                    By:   /s/ *Anne S. Magnelli*
                           Anne Sullivan Magnelli, Of the Firm
                           Attorneys for Defendants Boise School District,
                           Fairmont Junior High, and Christopher Ryan

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, 2024, I filed the foregoing **DEFENDANT'S RESPONSE TO INTERVENER MICHAEL J. CHAMPINE'S MOTION TO INTERVENE** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Eric S. Rossman<br>Rossman Law Group<br>350 N. 9th St., Ste. 500<br>Boise, Idaho 83702<br>T: (208) 331-2030<br>E: erossman@rossmanlaw.com<br>*Attorneys for Plaintiff Meg Champine* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ E-Mail<br>☒ CM/ECF System |
| Andrea J. Rosholt<br>Rosholt Law, PLLC<br>210 Murray St., Suite B<br>Garden City, Idaho 83714<br>T: (208) 901-5198<br>E: andrea@rosholtlaw.com<br>*Attorneys for Plaintiff Meg Champine* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ E-Mail<br>☒ CM/ECF System |
| Portia L. Rauer<br>POWERS FARLEY, P.C.<br>702 West Idaho Street, Suite 700<br>Boise, ID 83702<br>Telephone: (208) 577-5100<br>E-mails: contact@powersfarley.com<br>         rdp@powersfarley.com<br>         plr@powersfarley.com<br>*Attorneys for Intervener Michael J. Champine* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ E-Mail<br>☒ CM/ECF System |

                                     /s/ *Anne S. Magnelli*
                                     Anne Sullivan Magnelli